**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stacy JOHNSON, Defendant–Appellant.**

**No. 13–10466.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 2014.*

Filed June 26, 2014.

Kathryn C. Newman, Roger Yang, Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Mario D. Valencia, Esquire, Mario D. Valencia, Attorney at Law, Henderson, NV, for Defendant–Appellant.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

MEMORANDUM **

Stacy Johnson appeals from the district court's judgment and challenges the resti-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tution order imposed as a special condition of supervised release, following her jury-trial conviction for embezzlement, in violation of 29 U.S.C. § 501(c), and falsifying union records, in violation of 29 U.S.C. § 439(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson challenges the special condition of supervised release which requires that she pay $6,000 in restitution at a rate of $500 per month. Johnson contends that this condition is greater than necessary and unreasonable in light of her financial circumstances. We review for abuse of discretion, *see United States v. Batson*, 608 F.3d 630, 632–33 (9th Cir.2010), and find none. The restitution order is reasonably related to the goals of deterrence and providing just punishment, and it does not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. §§ 3563(b)(2) and 3583(c), (d); *Batson*, 608 F.3d at 636–37 (district court may order, as a condition of supervised release, restitution in the amount of loss caused by the offense of conviction).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.